UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEFFREY LYNN DWYER,

     Plaintiff,

v.                                                                     Case No: 5:25-cv-598-WWB-PRL

NATIONAL WESTERN LIFE
INSURANCE COMPANY,

     Defendant.

_____

REPORT AND RECOMMENDATION[1]

This cause, upon referral, comes before the Court on a Motion to Dismiss filed by Defendant National Western Life Insurance Company ("Defendant" or "NWLIC"). (Doc. 3). Defendant moves to dismiss the Complaint for Damages ("Complaint") (Doc. 1) filed by *pro se* Plaintiff Jeffrey Lynn Dwyer ("Plaintiff"), contending that Plaintiff's claims for breach of contract, negligence, and conversion are time-barred by the applicable statute of limitations, and Plaintiff's Complaint fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 3). Plaintiff filed a response in opposition to Defendant's Motion to Dismiss. (Doc. 5). For the reasons explained below, I submit that Defendant's Motion to Dismiss be granted because Plaintiff's claims are time-barred by the applicable statute of limitations, and the case be dismissed.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

## I.   BACKGROUND

On August 18, 2025, Plaintiff initiated this action against Defendant in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida ("State Court"). (Doc. 1-1; *see* Doc. 1-2). On September 26, 2025, Defendant removed this action from the State Court to this Court based on diversity of citizenship. (Doc. 1).

In the Complaint, Plaintiff alleges that he owned three annuities issued by NWLIC, all of which were surrendered, fully liquidated, and paid out in 2016. (*See* Doc. 1-1 at ¶ 6). Plaintiff acknowledges that starting in 2016, he "began the process of evaluating options for moving funds from these annuities into an investment account, relying on the representations of a third party, . . . that all actions would be lawful and in Plaintiff's best interest." (*See id*. at ¶ 7). Plaintiff claims that he was not present for the transactions, did not sign any documents authorizing the surrender of the annuities, and did not authorize the method by which NWLIC processed the payouts for each surrendered annuity, which totaled $198,825.92. (*See id*. at ¶¶ 6, 8).[2] Plaintiff further alleges that one of the annuity payouts was wired to a bank account that he does not own, and the other two annuity payouts were issued via check and mailed to Plaintiff's address of record, but Plaintiff never received or negotiated those checks. (*See id*. at ¶¶ 10-11). Despite these transactions occurring in 2016, Plaintiff avers that he first learned about the details of these transactions on August 6, 2025, when he received the surrender forms from NWLIC via email. (*See id*. at ¶ 13). He claims that he had "no prior knowledge of the surrender paperwork, the bank account used, or the contact information listed until August 6, 2025." (*See id*. at ¶ 14).

---

[2] Plaintiff attached the surrender forms to the Complaint. (*See id*. at pp. 4-14).

Plaintiff asserts the following claims against Defendant: (1) breach of contract (Count I); (2) negligence (Count II); and (3) conversion (Count III). (*See id*. at pp. 2-3). For relief, Plaintiff demands compensatory damages of $338,825.92, punitive damages, prejudgment and post-judgment interest, and court costs. (*See id*. at p. 3).

Defendant now moves to dismiss Plaintiff's Complaint, contending that it is apparent from the face of the Complaint that all of Plaintiff's claims are time-barred by the applicable statute of limitations and that the Complaint fails to state a claim upon which relief can be granted. (*See* Doc. 3).

In opposition, Plaintiff argues that the statute of limitations is tolled by fraudulent concealment and the late discovery. (*See* Doc. 5 at pp. 2-3). According to Plaintiff, "fraudulently concealed transactions toll the statute of limitations until discovery, and that [he] adequately alleged wrongful surrender and diversion of annuity funds without authorization." (*See id*. at p. 2). Plaintiff contends that he "did not discover these [alleged] fraudulent transactions until August 2025," and that he has pled "fraudulent concealment and late discovery, placing the accrual date in 2025, not 2016." (*See id*. at pp. 2-3).

Because the undersigned finds that Plaintiff's claims are time-barred by the applicable statute of limitations, the undersigned will not address Defendant's failure to state a claim argument in their Motion to Dismiss.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept a plaintiff's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See Pielage v.*

*McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Indeed, while "detailed factual allegations" are not necessary, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[,]" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although a court must accept the factual allegations set forth in the complaint as true, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id*.; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted). "[D]ismissal is proper when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quoting *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

Further, dismissal based on a statute of limitations defense "may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under [Rule] 12(b)(6),

when failure to comply with the statute of limitations is plain on the face of the complaint." *See Foster v. Savannah Comm.*, 140 F. App'x 905, 907 (11th Cir. 2005) (per curiam) (citing *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)); *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (indicating that dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred") (citations omitted); *AVCO Corp*, 676 F.2d at 495 (stating that a court may grant a Rule 12(b)(6) motion to dismiss "when the complaint shows on its face that the limitations period has run").

When reviewing a Rule 12(b)(6) motion to dismiss, courts must limit their consideration to the "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *See LaGrasta*, 358 F.3d at 845 (citations omitted); *see also U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). Exhibits attached to a complaint may be considered on a Rule 12(b)(6) motion, as they are considered part of the complaint. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

Because Plaintiff is proceeding *pro se*, his pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); *see also Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013) ("But liberal construction is not the same thing as wholesale redrafting."). While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of the Court, including the Federal Rules of Civil Procedure

and the Local Rules for the Middle District of Florida, as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). As a result, "the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *See Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, 614 F. App'x 969, 970 n.1 (11th Cir. 2015) (per curiam) (citation omitted).

## III.   DISCUSSION

Defendant argues that Counts I, II, and III in Plaintiff's Complaint should be dismissed because each of the claims is time-barred by the applicable statute of limitations under Florida law, as the allegedly unauthorized transactions occurred in 2016, and the delayed discovery doctrine does not apply to the facts or claims at issue. (*See* Doc. 3 at pp. 1-5, 9). A federal court sitting in diversity jurisdiction must apply the substantive law, including statutes of limitations, of the state in which it sits. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 961-62 (11th Cir. 2001); *Falcon v. Bank of Am., N.A.*, No. 1:21-cv-24250, 2022 WL 6745443, at *2 (S.D. Fla. Aug. 19, 2022) ("In actions based on diversity jurisdiction, federal courts apply the state's relevant statute of limitations.") (citing *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983)); *see also Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 987 (11th Cir. 1987) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938)). As such, this Court sits in diversity jurisdiction and must apply the substantive law of the forum state of Florida.

Florida law recognizes the doctrine of delayed discovery, which "generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *See Raie v. Cheminova, Inc.*, 336

F.3d 1278, 1280 (11th Cir. 2003) (per curiam) (citing *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000)); *see also* Fla. Stat. § 95.031. "The delayed discovery doctrine applies to the accrual of a cause of action; it does not toll the applicable statute of limitations once the cause of action has accrued and the statute of limitations has begun to run." *See Raie*, 336 F.3d at 1280 (citing *Hearndon*, 767 So. 2d at 1184); *cf. Wachovia Bank N.A. v. Tien*, 658 F. App'x 471, 476 (11th Cir. 2016) (per curiam) ("Fraudulent concealment tolls the statute of limitations when the defendant willfully concealed the cause of action using fraudulent means.") (citing *Raie*, 336 F.3d at 1282 n.1); *see also Fedance v. Harris*, 1 F.4th 1278, 1287 (11th Cir. 2021) ("For fraudulent concealment to toll the statute of limitations, a plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment.") (citation and internal quotation marks omitted). The delayed discovery doctrine applies only to cases involving fraud, products liability, professional malpractice, medical malpractice, and intentional torts based on abuse. *See Davis v. Monahan*, 832 So. 2d 708, 709-10 (Fla. 2002); *see also Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 102-03 (Fla. 3rd DCA 2019) (explaining that the delayed discovery doctrine does not apply where defendant itself is not alleged to have engaged in any fraudulent activity or conduct); *Carter v. Lowe's Home Ctrs., Inc.*, 954 So. 2d 734, 735 (Fla. 1st DCA 2007) (noting that "[t]he delayed discovery doctrine was reserved to those cases where the plaintiff cannot readily discover the injury done to him") (citing *Hearndon*, 767 So. 2d at 1185 n.3).

## A. Count I – Breach of Contract

In Count I of the Complaint, Plaintiff asserts a claim for breach of contract against Defendant. (*See* Doc. 1-1 at p. 2). Plaintiff alleges that Defendant "owed contractual duties to [him] to follow its own payout policies and safeguard [his] funds." (*See id*. at ¶ 16). Plaintiff

contends that Defendant breached the contract by "wiring $48,715.46 to a non-owner account in direct violation of its own surrender policy[,]" and "failing to ensure delivery of $150,110.46 in checks to [him], instead marking them as paid without proof of negotiation by Plaintiff." (*See id*. at ¶ 17). Plaintiff claims that "[a]s a direct and proximate result, [he] suffered losses of $198,825.92 plus interest." (*See id*. at ¶ 18).

Under Florida law, there is a five-year statute of limitations for a breach of contract claim. *See* Fla. Stat. § 95.11(2)(b) (setting a five-year limitations period for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument"). The delayed discovery doctrine does not apply to breach of contract claims. *See Servicios De Almacen Fiscal Zona Franca Y Mandatos S.A. v. Ryder Int'l, Inc.*, 264 F. App'x 878, 880 (11th Cir. 2008) (per curiam) (citing *Abbott Labs, Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000)). Therefore, a breach of contract action accrues at the time of the breach "regardless of whether the plaintiff knew that it had a claim." *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (per curiam).

In this case, the statute of limitations for Plaintiff's breach of contract claim began to run in 2016, when the alleged wrongful payments of the annuity funds occurred. (*See* Doc. 1-1 at ¶ 6). Applying Florida's five-year statute of limitations period, Plaintiff's breach of contract claim expired in 2021. *See* Fla. Stat. § 95.11(2)(b). Plaintiff did not file this action until August 18, 2025, which is four years after the statute of limitations expired. Plaintiff's allegation that he did not discover the details of these transactions until 2025 has no effect on Plaintiff's claim because, as noted above, Florida does not recognize the delayed discovery doctrine for breach of contract claims. *See Servicios De Almacen Fiscal Zona Franca Y Mandatos S.A.*, 264 F. App'x at 880 (citing *Abbott Labs, Inc.*, 765 So. 2d at 740). Moreover, Plaintiff's

Complaint fails to allege sufficient facts of misrepresentation, concealment, or fraudulent activity or conduct *by* the Defendant. *See Fedance*, 1 F.4th at 1287; *Falcon*, 2022 WL 6745443, at \*4; *Tejera*, LLC, 271 So. 3d at 102-03. Accordingly, Plaintiff's breach of contract claim in Count I is time-barred and should therefore be dismissed.

### B. Count II – Negligence

In Count II of the Complaint, Plaintiff asserts a claim for negligence against Defendant. (*See* Doc. 1-1 at p. 2). Plaintiff alleges that Defendant "owed a duty of reasonable care to verify payout instructions, confirm account ownership, and prevent unauthorized disbursements." (*See id.* at ¶ 20). Plaintiff contends that Defendant "breached that duty by processing surrender instructions from unverified sources, ignoring red-flag discrepancies in contact and account information, and failing to follow its own written policy prohibiting transfers to non-policyholder accounts." (*See id.* at ¶ 21). Plaintiff claims that "[a]s a direct and proximate result, [he] suffered losses of $198,825.92 plus interest." (*See id.* at ¶ 22).

Under Florida law, there is a four-year statute of limitations for negligence claims accruing before March 24, 2023. *See* Fla. Stat. § 95.11(5)(a).[3] The delayed discovery doctrine does not apply to negligence claims. *See R.R. v. New Life Cmty. Church of CMA*, 303 So. 3d 916, 925 (Fla. 2020) (rejecting application of delayed discovery doctrine to negligence claims);

---

[3] Defendant incorrectly states that a two-year statute of limitations under Florida law governs Plaintiff's negligence claim in this case. (*See* Doc. 3 at p. 4). Effective March 24, 2023, Florida's statute of limitations, Fla. Stat. § 95.11, was amended to reduce the statute of limitations for negligence claims from four to two years. *See* Fla. Stat. § 95.11(5)(a). The amendment applies to causes of action accruing after March 24, 2023. *See Kindred Hosps. E., LLC v. Med. Mut. Servs., LLC*, No. 8:23-cv-1075-KKM-CPT, 2025 WL 2374027, at \*11 n.12 (M.D. Fla. June 11, 2025) (citations omitted). As discussed more below, because Plaintiff's negligence claim accrued before March 24, 2023, the four-year statute of limitations period applies to this claim. *See Williams v. Home Advantage Humana*, No. 8:23-cv-980-CEH-AAS, 2023 WL 4104520, at \*1 n.3 (M.D. Fla. May 31, 2023) ("[T]he [statute of limitations] amendment is inapplicable to this action because [p]laintiff's claims accrued in 2018, well before the effective date of the amendment."). Nevertheless, even if the amendment applied, Plaintiff's negligence claim would still be time-barred.

*Carrington Cap. Mgmt., LLC v. Carr*, No. 2:15-cv-14191H, 2015 WL 6865750, at *3 (S.D. Fla. Nov. 9, 2015) (stating that "the delayed discovery rule does not apply to *general* negligence claims—the delayed discovery rule only applies to *professional* negligence claims") (emphasis in original). Therefore, a negligence claim accrues when the plaintiff "suffered damages." *See Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 784 F.3d 771, 781 (11th Cir. 2015), *certified question answered*, 202 So. 3d 859 (Fla. 2016), *opinion after certified question answered*, 844 F.3d 944 (11th Cir. 2016) (citations omitted); *Falcon*, 2022 WL 6745443, at *4 (citations omitted); *Merritt v. Transport Officer 1*, No. 5:21-cv-37-RV/MJF, 2022 WL 897765, at *2 (N.D. Fla. Mar. 28, 2022) ("Plaintiff's claim for negligence 'accrued when [he] suffered damages.'") (quoting *Kipnis*, 784 F.3d at 781).

In this instance, the statute of limitations for Plaintiff's negligence claim began to run in 2016, which is the year Plaintiff was damaged—i.e., when the alleged wrongful payments of the annuity funds occurred after Plaintiff "began the process of evaluating options for moving funds from these annuities into an investment account," and relied on the representations of a third party "that all actions would be lawful and in Plaintiff's best interest." (*See* Doc. 1-1 at ¶ 7); *McConley v. Wells Fargo Bank, N.A.*, No. 4:24-cv-484-MW-MAF, 2025 WL 3190880, at *6 (N.D. Fla. Oct. 15, 2025), *report and recommendation adopted*, 2025 WL 3033907 (N.D. Fla. Oct. 29, 2025) (determining that plaintiff's negligence based claim "accrued in 2015 when he suffered injury, not when he ultimately discovered in further detail how the injury was facilitated by his son and others involved in the criminal conspiracy") (citing *Falcon*, 2022 WL 6745443, at *4); *Laterza v. JPMorgan Chase Bank, N.A.*, 221 F. Supp. 3d 1347, 1351 (S.D. Fla. 2016) (determining that the statute of limitations for plaintiffs' negligence claim began to run when plaintiffs were damaged—i.e., when the bank

responded to the search warrant on February 23, 2011, and identified six accounts which led to the seizure of all money in the accounts—and not when plaintiffs discovered their damages or when their monies were forfeited in late September 2015); *see also Serot v. Lincoln Nat'l Life Ins. Co.*, No. 8:18-cv-1712-T-30AEP, 2018 WL 8187509, at *3 (M.D. Fla. Aug. 9, 2018) (determining that plaintiff's negligence claim "accrued no later than March 2007, when [d]efendant 'permitted' [plaintiff's brother,] Steven Serot[,] to misappropriate the eighth and final annuity payment"). Applying Florida's four-year statute of limitations period pre-amendment, given that Plaintiff's negligence claim accrued before March 24, 2023, Plaintiff's negligence claim expired in 2020. Plaintiff did not file this action until August 18, 2025, which is five years after the statute of limitations expired. Plaintiff's allegation that he did not discover the details of these transactions until 2025 has no effect on Plaintiff's claim because, as noted above, Florida does not recognize the delayed discovery doctrine for negligence claims. *See New Life Cmty. Church of CMA*, 303 So. 3d at 925; *Carrington Cap. Mgmt., LLC*, 2015 WL 6865750, at *3. Moreover, Plaintiff's Complaint fails to allege sufficient facts of misrepresentation, concealment, or fraudulent activity or conduct *by* the Defendant. *See Fedance*, 1 F.4th at 1287; *Falcon*, 2022 WL 6745443, at *4; *Tejera*, LLC, 271 So. 3d at 102-03. Accordingly, Plaintiff's negligence claim in Count II is time-barred and should therefore be dismissed.

### C. Count III – Conversion

In Count III of the Complaint, Plaintiff asserts a claim for conversion against Defendant. (*See* Doc. 1-1 at pp. 2-3). Plaintiff alleges that Defendant "wrongfully delivered Plaintiff's funds to a third party without authorization," and as a result, "[he] was deprived

of the use and benefit of those funds and . . . suffered damages of $198,825.92 plus interest." (*See id.* at ¶¶ 24-25).

Under Florida law, there is a four-year statute of limitations for a conversion claim. *See* Fla. Stat. § 95.11(3)(h); *Bove v. PBW Stock Exch., Inc.*, 382 So. 2d 450, 452-53 (Fla. Dist. Ct. App. 1980). The delayed discovery doctrine does not apply to conversion claims. *See Wachovia Bank N.A.*, 658 F. App'x at 476 (indicating that "the delayed discovery doctrine does not apply to conversion claims" unless defendant fraudulently concealed the conversion) (citations omitted); *Davis*, 832 So. 2d at 709 (rejecting application of the delayed discovery doctrine to conversion claims). Therefore, for a conversion claim, the limitations period begins to run when "the conversion occurs, unless the conversion was fraudulently concealed." *See Wachovia Bank N.A.*, 658 F. App'x at 476 (citing *Bove*, 382 So. 2d at 452-53).

Here, the statute of limitations for Plaintiff's conversion claim began to run in 2016, when Defendant allegedly "delivered Plaintiff's funds to a third party without authorization." (*See* Doc. 1-1 at ¶ 24); *Gomez v. BankUnited*, No. 10-21707-CIV, 2011 WL 114066, at *5 (S.D. Fla. Jan. 13, 2011) (finding that plaintiff's conversion claim accrued when the forger forged plaintiff's signature and deposited checks into his own account; in other words, when the forger "stole the money"). Applying Florida's four-year statute of limitations period, Plaintiff's conversion claim expired in 2020. *See* Fla. Stat. § 95.11(3)(h). Plaintiff did not file this action until August 18, 2025, which is five years after the statute of limitations expired. Plaintiff's allegation that he did not discover the details of these transactions until 2025 has no effect on Plaintiff's claim because, as noted above, Florida does not recognize the delayed discovery doctrine for conversion claims. *See Wachovia Bank N.A.*, 658 F. App'x at 476; *Davis*, 832 So. 2d at 709. Moreover, Plaintiff's Complaint fails to allege sufficient facts of

misrepresentation, concealment, or fraudulent activity or conduct *by* the Defendant. *See Fedance*, 1 F.4th at 1287; *Falcon*, 2022 WL 6745443, at \*4; *Tejera*, LLC, 271 So. 3d at 102-03. Accordingly, Plaintiff's conversion claim in Count III is time-barred and should therefore be dismissed.

### D. Leave to Amend

Defendant asserts that Plaintiff's Complaint should be dismissed with prejudice because it is apparent from the face of the Complaint that all of Plaintiff's claims are time-barred by the applicable statute of limitations. (*See* Doc. 3 at pp. 2, 9). In opposition, Plaintiff requests leave to amend the Complaint to "further plead fraud and tolling doctrines" should the Court grant Defendant's Motion to Dismiss. (*See* Doc. 5 at pp. 5-6).

In general, *pro se* litigants should be given an opportunity to amend their complaint at least once before the district court dismisses the action with prejudice. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (per curiam); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018); *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (per curiam). Although leave to amend is generally freely given, a district court may deny a *pro se* plaintiff leave to amend "if the amended complaint would still be subject to dismissal," and the amendment consequently would be futile. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (per curiam) (indicating that an amendment is futile where "the amended complaint would not survive a motion to dismiss") (citing *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010)).

As noted above, Plaintiff has not pled sufficient factual allegations in the Complaint to give rise to a plausible claim for fraud, fraudulent concealment, or otherwise against the Defendant that would toll the applicable statutes of limitations. *See McConley v. Wells Fargo Bank, N.A.*, No. 4:24-cv-484-MW/MAF, 2025 WL 3033907, at *1 (N.D. Fla. Oct. 29, 2025). Consequently, the Court "cannot ignore the facts and claims as alleged to allow Plaintiff's . . . [C]omplaint to go forward notwithstanding the applicable statutes of limitations." *See id.*; *Heuer v. Nissan N. Am., Inc.*, No. CV 17-60018-CIV, 2017 WL 3475063, at *4 (S.D. Fla. Aug. 11, 2017) ("When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden of pleading allegations sufficient to toll the statute of limitations."); *Ageloff v. Kiley*, 318 F. Supp. 2d 1157, 1159 (S.D. Fla. 2004) ("[A] plaintiff may not use an amended complaint for the purpose of correcting a statute of limitations problem.") (citation omitted); *Patel v. Diplomat 1419VA Hotels, LLC*, 605 F. App'x 965, 966 (11th Cir. 2015) (per curiam) (applying *La Grasta* and finding that, where the dates included in the complaint made the time-bar apparent, plaintiff did not plead sufficient facts to support tolling the statute of limitations).

Because Counts I, II, and III are all time-barred by the applicable statute of limitations under Florida law, as apparent from the face of the Complaint, the undersigned finds that any further amendment would be futile. *See, e.g., King v. Bencie*, No. 8:17-cv-2982-T-02TGW, 2019 WL 630333, at *5-6 (M.D. Fla. Feb. 14, 2019), *aff'd*, 806 F. App'x 873 (11th Cir. 2020) (dismissing *pro se* plaintiff's complaint with prejudice and finding that any further amendment would be futile because the statute of limitations ran on all of plaintiff's claims); *McConley*, 2025 WL 3033907, at *1 (dismissing *pro se* plaintiff's amended complaint without prejudice because plaintiff's claims were time-barred by the applicable statute of limitations, but

allowing plaintiff to file a new action to the extent plaintiff believed he could, in good faith, allege a fraud claim); *Falcon*, 2022 WL 6745443, at *4 (dismissing plaintiff's complaint because plaintiff's claims of negligence, conversion, and breach of fiduciary duty were barred by the applicable statute of limitations); *see also A.L. v. Shorstein*, No. 3:15-cv-1181-J-32PBD, 2017 WL 526618, at *4 (M.D. Fla. Feb. 9, 2017) (dismissing *pro se* plaintiff's complaint with prejudice and finding that any further amendment would be futile because plaintiff "cannot alter the relevant dates" in the complaint, which showed that her claims were barred by the relevant statutes of limitations); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284-86 (11th Cir. 2000), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (finding no error in the district court's decision that an amendment would have been futile on statute of limitations grounds).

## IV. RECOMMENDATION

Accordingly, for the foregoing reasons, it is **respectfully recommended** that:

(1) Defendant's Motion to Dismiss (Doc. 3) be **GRANTED**.

(2) Plaintiff's Complaint for Damages (Doc. 1) be **DISMISSED**.

**Recommended** in Ocala, Florida on April 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy