**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JEFFREY LYNN DWYER,

        Plaintiff,

v.                                      Case No.: 5:25-cv-598-WWB-PRL

NATIONAL WESTERN LIFE
INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 3). United States Magistrate Judge Philip R. Lammens issued a Report and Recommendation ("**R&R**," Doc. 13), in which he recommends that Defendant's Motion be granted, and the Complaint (Doc. 1-1) be dismissed without leave to amend. Plaintiff filed Objections (Doc. 14) to which Defendant filed a Response (Doc. 15).[1]

### I.    BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 13 at 2–3).

### II.    LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make

---

[1] Defendant's Motion and Response and Plaintiff's Objections fail to comply with this Court's January 13, 2021 Standing Order. Additionally, the Objection and Response fail to comply with the Court's April 2, 2026 Standing Order. In the interests of justice, the Court will consider the filings, but any further failures to comply with all applicable rules and orders of this Court, including the Standing Orders, may result in the striking or denial of filings without notice or leave to refile.

a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.    DISCUSSION

In the R&R, the Magistrate Judge recommends finding that each of Plaintiff's claims, regarding the allegedly wrongful surrender of annuity policies in 2016, are barred by the applicable statutes of limitations, that the delayed discovery does not apply to the claims raised in the Complaint, and that Plaintiff has failed to "allege sufficient facts of misrepresentation, concealment, or fraudulent activity or conduct *by* the Defendant" to support a claim of fraudulent concealment. (Doc. 13 at 9). The R&R also recommends denying further amendment because it would be futile. In his Objections, Plaintiff argues that the Magistrate Judge failed to properly consider allegations supporting his claim of fraudulent concealment and, at the very least, he should be granted leave to plead additional facts supporting his claim of fraudulent concealment.

2

At the outset, Defendant argues that the Court should only reject the R&R if it determines that it is clearly erroneous or contrary to law.  However, where, as here, the R&R addresses a dispositive motion to dismiss, the Court reviews the R&R de novo to the extent it is objected to.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Barr v. One Touch Direct, LLC*, No. 8:15-cv-2391-T, 2016 WL 1621696, at *2 (M.D. Fla. Apr. 22, 2016) ("A motion to dismiss is a dispositive motion.").  Accordingly, the Court reviews the objected to portions of the R&R de novo.

"A defendant may raise a statute of limitations defense in a motion to dismiss for failure to state a claim 'when the complaint shows on its face that the limitation period has run.'"  *Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 560 F. Supp. 2d 1221, 1229 (M.D. Fla. 2008) (quoting *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)).  "A plaintiff is not required to anticipate and negate an affirmative defense in the complaint."  *Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1316 (M.D. Fla. 2013).  "In other words, [a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute."  *Lindley v. City of Birmingham*, 515 F. App'x 813, 815 (11th Cir. 2013) (quotation omitted).

In his Response in Opposition to Defendant's Motion to Dismiss (Doc. 5), Plaintiff argued that the Court could not grant Defendant's Motion on the statute of limitations because he could prove either delayed discovery or fraudulent concealment.  The Court agrees with the R&R that delayed discovery does not apply to the claims alleged in the Complaint.  *See Altenel, Inc. v. Millennium Partners, LLC*, No. 11-CV-22806, 2014 WL 11860710, at *8 n.10 (S.D. Fla. June 5, 2014) ("Florida courts have declined to apply the

3

delayed discovery doctrine to breach of contract or similar claims."); *Falcon v. Bank of Am., N.A.*, No. 1:21-cv-24250, 2022 WL 6745443, at *3 (S.D. Fla. Aug. 19, 2022) ("The Florida Supreme Court has specifically declined to extend application of the delayed discovery doctrine to claims of negligence, breach of fiduciary duty, and conversion."). To the extent that Plaintiff objects to this finding, his objection is conclusory and unsupported.

The Court also agrees that the current allegations of the Complaint do not support a claim of fraudulent concealment with respect to the statute of limitations. And although Plaintiff is not required to plead facts to negate Defendant's affirmative defense, Plaintiff's Response in Opposition and Objections fail to provide sufficient allegations to defeat Defendant's Motion at this stage of the proceedings.

"Fraudulent concealment tolls the statute of limitations when the defendant willfully concealed the cause of action using fraudulent means." *Wachovia Bank N.A. v. Tien*, 658 F. App'x 471, 476 (11th Cir. 2016). In other words, "fraudulent concealment tolls the statute of limitations where a defendant acts above and beyond the wrongdoing upon which the plaintiff's claim is founded to keep a plaintiff from suing in time." *Fedance v. Harris*, 1 F.4th 1278, 1286 (11th Cir. 2021) (quotation omitted). "For fraudulent concealment to toll the statute of limitations, a plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment. The defendant must have actively concealed facts such that the plaintiff remained ignoran[t] of a potential claim, not merely ignoran[t] of evidence." *Id.* at 1287 (quotations and citations omitted). "And, as with all grounds for equitable tolling, the plaintiff must show that he has pursued his rights diligently." *Id.* (quotation omitted).

4

Plaintiff lists a number of allegedly improper actions taken by Defendant in authorizing the underlying transactions. (Doc. 14 at 3). While these might go to establishing liability on the underlying claims, Plaintiff fails to state how these actions were intentionally taken to conceal the facts and circumstances of the transactions from Plaintiff. To that end, Plaintiff only makes the conclusory statement that Defendant failed to notify him of the transactions and that he did not receive the surrender forms until August 6, 2025. (*Id.* at 4). Plaintiff does not allege or argue, however, that Defendant prevented him from discovering that the transactions occurred, either by failing or refusing to provide him account information, or by intentionally providing him with false information. Nor does he state what actions, if any, he had taken to obtain account information between the date of surrender and August 6, 2025. Thus, Plaintiff has not provided the Court with any factual allegations or arguments that, even taken in the light most favorable to Plaintiff, would support a claim that Defendant took steps to actively prevent Plaintiff from discovering the claims and timely bringing suit, or that Plaintiff was diligent in pursing his rights. While Plaintiff's burden at this stage of the proceedings is "not so onerous," the Court agrees with the R&R that Plaintiff has fallen short of raising a fraudulent concealment defense to the statute of limitations. *Meyer v. Gwinnett Cnty.*, 636 F. App'x 487,489 (11th Cir. 2016); *cf. Falcon*, 2022 WL 6745443, at *3–4; *Nicholson v. Smoots*, No. 2:18-CV-681, 2021 WL 6125791, at *1 (M.D. Ala. Dec. 28, 2021).

The R&R recommends dismissal without leave to amend because further amendment would be futile. Plaintiff objects, arguing that he can plead additional facts to support his claims of fraudulent concealment. Plaintiff provides a list of facts he wishes to include in any amended pleading. (Doc. 14 at 7). These allegations, however, still

largely fail to state that Defendant took actions to affirmatively conceal the facts from Plaintiff in an effort to obfuscate Plaintiff's claims or that Plaintiff acted diligently with respect to his rights. A conclusory allegation that "Defendant's own conduct concealed Plaintiff's causes of action until 2025," is insufficient. (*Id.*). Nevertheless, because it is unclear why Plaintiff was not provided surrender forms until August 6, 2025, and active efforts to avoid providing such forms to Plaintiff could potentially support a claim for tolling in this case, the Court will grant Plaintiff one opportunity to amend his pleading to the extent he can, in good faith and consistent with his obligations under Federal Rule of Civil Procedure 11(b), make non-conclusory factual allegations that he acted diligently and that Defendant actively took steps and concealed facts to render Plaintiff ignorant of a potential claim.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 14) are **OVERRULED in part** and **SUSTAINED in part** as set forth herein.

2. The Report and Recommendation (Doc. 25) is **ADOPTED** and **CONFIRMED** and made a part of this Order to the extent consistent therewith.

3. Defendant's Motion to Dismiss (Doc. 3) is **GRANTED in part** and **DENIED in part** and the Complaint (Doc. 1-1) is **DISMISSED without prejudice**.

4. On or before **June 23, 2026**, Plaintiff may file an amended pleading to correct the deficiencies noted in the R&R and this Order. Failure to timely

6

file an amended pleading may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Ocala, Florida on June 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

7